# UNITED STATES DISTRICT COURT
# WESTERIN DISTRICT OF MISSOURI

| | |
|---|---|
| **Nicole Joslin,**<br><br>    Plaintiff,<br>v.<br><br>**Fair Collections & Outsourcing, Inc.**<br><br>    Defendant. | **CASE NO: 4:15-cv-723** |

## COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff, Nicole Joslin, by and through her attorney, Addleman Law Firm, and for her complaint against the Defendant, Fair Collections and Outsourcing, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1) This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION

2) Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), 47 U.S.C. §227.

3) This action arises out of violations of the FDCPA by Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

4) Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

### III. PARTIES

5) Plaintiff Nicole Joslin is a natural person who resides in Liberty, County of Clay, State of Missouri, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6) Defendant Fair Collections & Outsourcing, Inc. is a collection agency and a Maryland corporation operating from an address of 12304 Baltimore Ave. STE #E, Beltsville, Maryland 20705, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV. ALLEGATIONS:

**Defendant's Letter is False and/or Misleading in Violation of § 1692e**

7) Plaintiff incorporates the allegations in paragraphs 1-6 as if fully set forth herein.

8) Defendant sent a letter to Plaintiff on or about April 23, 2015 (the "Letter").

9) Defendant's letter was an attempt to collect a debt.

10) The FDCPA forbids debt collectors' use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. § 1692e.

11) Debt collectors must not communicate with alleged debtors at the alleged debtor's place of work if the debt collector knows, or has reason to know the employer forbids such communication. § 1692c (3).

12) Oral notice is sufficient to put a debt collector on notice that such communication is forbidden. *Horkey v. J.V.D.B. & Associates, Inc.*, 333 F.3d 769 (Ill. 2003)

2

13) Debt collectors must accept verbal notice and may not demand written notice where the FDCPA does not authorize such an assumption. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 574, 130 S. Ct. 1605, 1607, 176 L. Ed. 2d 519 (2010).

14) FDCPA violations are judged by the objective standard of the unsophisticated consumer. *Peters v. Gen. Serv. Bureau., Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

Defendant's Letters Mislead Consumer's to Believe They Must Send Written Notice to Stop Contact at Work.

15) Defendant's letter includes a statement at the bottom of the first as follows: "See additional page for important information regarding state and federal laws and your rights."

16) Defendant is on notice from *Velazquez v. Fair Collections & Outsourcing, Inc.*, 2013 WL 4659564, Case No. 12 C 04209 (N.D. Illinois 2013) that consumers are likely to read the second page of Defendant's letters as a complete statement of their rights.

17) The second page of Defendant's letter contains a set-aside, bolded paragraph on stating that Defendant will only consider verbal notice forbidding contact at a place of employment valid for ten (10) days unless written confirmation is sent within seven (7) days.

18) Defendant is on notice from *Jarzyna v. Home Properties, L.P.*, 763 F. Supp.2d 742 (E.D. Pa. 2011) that Bolded, set aside language in its letters could lead an

3

unsophisticated consumer to believe that such language was a complete statement of the consumer's rights, overshadowing any other rights.

19) Defendant is not authorized by law to assume verbal notice is no longer valid or to demand written confirmation under FDCPA.

20) A collection letter is unlawfully deceptive when "it can be reasonably read to have two or more meanings, one of which is inaccurate." *Russel v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996).

21) An unsophisticated consumer would reasonably have her attention drawn to the bold, set-aside paragraph.

22) An unsophisticated consumer would reasonably read the bold, set-aside paragraph in isolation.

23) An unsophisticated consumer would reasonably be misled into thinking that the consumer was obligated to provide written notice to Defendant in order to prevent communication at work.

24) An unsophisticated consumer would reasonably understand Defendant to be threatening to continue contacting them at work unless they provided written confirmation of their notice that their employer prohibited debt collection contact at their place of employment.

25) An unsophisticated consumer could reasonably read Defendant's letters in a way that inaccurately states consumers' rights and threatens action that Defendant is not legally authorized to take.

26) By using letters that an unsophisticated consumer would reasonably read in a way that misrepresents the alleged debtor's rights and threatened that Defendant would take an action not authorized by law, Defendant violated the FDCPA § 1692e.

Defendant's Letter Communicates a Limitation on Consumers' Rights

27) The language in Defendant's letter appears to be Massachusetts' supplemental protections for consumers in Massachusetts found in 209 CMR 18.14.

28) The debt collection industry practices avoid deceptively guiding consumers' attention to state-specific statements of rights or notice through one or more of the following measures:

   a) Placing a disclaimer directly underneath Massachusetts' language that clearly states that the language does not limit other rights.

   b) Highlighting, bolding, or underlining only the names of States unless otherwise mandated by law, which draws consumers' attention only statements for their own state;

   c) Including language that clearly indicates the language only applies to Massachusetts;

   d) Placing the language in a paragraph clearly stating that it applies only to Massachusetts;

   e) Using consistent typeface.

29) Defendant follows one or more of the industry's practices in regards to every state except Massachusetts.

5

30) Massachusetts' language is the only state-specific language susceptible to reading as a limitation to consumers' rights.

31) Defendant does not include notice that this section is required by state law and is only supplemental to other rights in a way that Defendant is on notice is likely to mislead consumers.

32) Defendant draws consumers' attention by isolating the paragraph, bolding the text and use capital letters, which would lead the unsophisticated consumer to read Massachusetts' language out of context and believe that the supplemental protections were a complete statement of their legal rights and obligations.

33) An unsophisticated consumer could reasonably read Defendant's letters in a way that inaccurately states consumers' rights and threatens action that Defendant is not legally authorized to take

34) Defendant's use of these false and/or misleading letters in an effort to collect a debt violates the FDCPA § 1692e prohibition against unfair and deceptive representation by placing and bolding this language in a way that would draw an unsophisticated consumer's attention to this paragraph and lead him or her to believe that this was a complete representation of his or her rights and responsibilities regarding debt collection communication at work.

## IV. JURY DEMAND

35) Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, [Name], by and through [his/her] attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from Defendant;

b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant;

c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant;

f. Any other relief deemed appropriate by this Honorable court.

Respectfully submitted,

**Addleman Law Firm, LLC**

By: s/Tom Addleman
Thomas A. Addleman #51864
Addleman Law Firm, LLC
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele: (816) 994-6200
Fax: (816) 396-6240
TomA@addlemanlawfirm.com

**Attorneys for Plaintiff**