IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NICOLE JOSLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-00723-CV-W-DGK |
| ) | |
| FAIR COLLECTIONS & ) | |
| OUTSOURCING, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This case arises out of Defendant Fair Collections & Outsourcing, Inc.'s ("Defendant" or "FCO") attempt to collect a debt incurred by Plaintiff Nicole Joslin ("Plaintiff" or "Joslin"). Joslin alleges FCO made a false or misleading representation to her in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e.

Now pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 5). For the reasons set forth herein, Defendant's motion is DENIED.

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must meet two conditions to survive a Rule 12(b)(6) motion. First, it must "contain sufficient factual matter, accepted as true, to state a claim to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the complaint does not need detailed factual allegations, it must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). "A

1

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012); *see also Gorog v. Best Buy Co.*, 760 F.3d 787, 791(8th Cir. 2014) (contract held to be embraced by complaint where plaintiff quoted from contract and contract was the sole basis for plaintiff's complaint).

**Background**

On April 23, 2015, Plaintiff received a collection letter from FCO (the "Letter").[1] Compl. at ¶¶ 8, 9. The Letter contained a statement at the bottom of the first page reading, "See additional page for important information regarding state and federal laws and your rights." *Id*. ¶ 15. The second page of the Letter contains a set-aside, bolded paragraph stating that Defendant will only consider verbal notice forbidding contact at the recipient's place of employment valid for ten days unless written confirmation is sent within seven days ("Massachusetts Disclosure"). *Id.* at ¶ 17. The Massachusetts Disclosure is located below the paragraph labeled "Massachusetts" and above the paragraph labeled "Wisconsin" (Doc. 6-2 at 2). These

---

[1] The Letter is attached to Defendant's Suggestions in Support as Attachment A (Doc. 6-1). Matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (citing *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). However, "documents necessarily embraced by the complaint are not matters outside the pleading." *Id.* Here, the complaint quotes directly from the Letter and the Letter is the sole basis for Plaintiff's complaint. Further, Plaintiff does not dispute the authenticity of the attachment. The Court concludes the Letter is necessarily embraced by the complaint and it may consider the relevant terms of the Letter in ruling on the Rule 12 motion to dismiss. *See id.* at 791-92.

2

Case 4:15-cv-00723-DGK   Document 14   Filed 02/05/16   Page 2 of 5

paragraphs are all located under a sentence that reads, "If this letter is from Fair Collections & Outsourcing of New England, Inc., the following disclosures also apply." *Id.* The first page of the Letter indicates it is from Fair Collections & Outsourcing, Inc. (Doc. 6-2 at 1). On September 21, 2015, Plaintiff filed suit alleging violations of the FDCPA. 15 U.S.C. § 1692 *et seq.* Specifically, Plaintiff alleges Defendant's use of the Massachusetts Disclosure constituted a false or misleading representation under 15 U.S.C. § 1692e.

## Discussion

Plaintiff argues the Letter is misleading because it contains the Massachusetts Disclosure in bold and all caps below the Massachusetts paragraph and above the Wisconsin paragraph. Plaintiff does not contend the paragraph is inaccurate. Plaintiff claims this state-specific disclosure is susceptible to be read as a complete statement of the consumer's rights and a consumer could be misled to believe the debt collector had the power to unilaterally consider a consumer's verbal notice to cease contact at the consumer's place of employment invalid after ten days. Such an interpretation would be a misstatement of federal law. *See* 15 U.S.C. § 1692c(a)(3) (prohibiting communication with consumers at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication and containing no clause allowing for invalidation of sufficient notice after ten days); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003) (ambiguous verbal assertion enough to put debt collector on notice to cease contacting consumer at work under § 1692c(a)(3)).

Section 1692e of the FDCPA deals with false and misleading statements made during collection efforts. It provides a non-exhaustive list of specific examples, but makes clear that "any false, deceptive, or misleading representation…in connection with the collection of any

3

debt" violates this section. 15 U.S.C. § 1692e. Because this list is non-exhaustive, "a debt collection practice can be a 'false, deceptive, or misleading' practice in violation of § 1692e even if it does not fall within any of the subsections of § 1692e." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (quoting 15 U.S.C. § 1692e). "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (citing *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000)). This "unsophisticated consumer" test is "designed to protect consumers of below average sophistication or intelligence, but [it] also contain[s] an objective level of reasonableness that prevents liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* (internal quotations and citations omitted).

Collection notices containing state-specific provisions setting forth rights available under state law have been found not misleading by a number of courts. *See Jackson v. Immediate Credit Recovery, Inc.*, No. CV-05-5697(SMG), 2006 WL 3453180, at *4 (E.D.N.Y. Nov. 28, 2006) (recognizing that the weight of authority supports the conclusion that state-specific notifications are not so confusing as to violate the FDCPA); *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (finding state-specific disclosure not misleading under the FDCPA); *Morse v. Dun & Bradstreet, Inc.,* 87 F. Supp. 2d 901, 903-04 (D. Minn. 2000) (same). However, the letters at issue in these cases differed from the letter sent to Joslin. In both *Goodman* and *Morse*, the state-specific paragraphs were clearly labeled by state. Here, the Massachusetts Disclosure is not on the same line as the label "Massachusetts." In fact, it is unlike any other state-specific paragraph on the page in that it is bold, capitalized, and set apart from its state label. Based on this fact, it is not entirely unreasonable that an unsophisticated

4

consumer would not realize the Massachusetts Disclosure was applicable only to Massachusetts residents.  Further, the similarity of the names "Fair Collections & Outsourcing of New England, Inc." and "Fair Collections & Outsourcing, Inc." could reasonably mislead an unsophisticated consumer into believing the paragraph applied to her.

Because Plaintiff has stated a plausible claim upon which relief can be granted, Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 5) is DENIED.  Defendant's Emergency Motion to Stay (Doc. 13) pending the resolution of this Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Date:  February 5, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT